# IN THE COURT OF APPEALS OF IOWA

No. 24-1388
Filed September 17, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RUSSELL DEAN LOWMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marion County, David Faith, Judge.


        A defendant appeals two convictions, claiming an Iowa statute relating to searches and seizures is unconstitutional. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney General, for appellee.

        W. Charles Smithson, for amicus curiae Iowa State Senators.


        Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Russell Lowman appeals his convictions of possession with intent to manufacture or deliver methamphetamine under five grams in violation of Iowa Code section 124.401(1)(c)(6) (2023) and intent to deliver marijuana under fifty kilograms in violation of section 124.401(1)(d) after a trial on the minutes of evidence in Marion County. The district court suspended the sentences and imposed a five-year period of probation. Lowman asserts the district court improperly denied his motion to suppress the evidence because the warrantless search and seizure of his trash and Iowa Code section 808.16(3) are unconstitutional.

Lowman argues that evidence found in his garbage placed for waste collection is constitutionally protected property. But Iowa Code section 808.16(3) provides, "Garbage placed outside of a person's residence for waste collection in a publicly accessible area shall be deemed abandoned property and shall not be considered to be constitutionally protected papers or effects of the person." Lowman's argument would require us to overturn the recent Iowa Supreme Court case *State v. Amble*, which held that section 808.16(3) is "constitutional on its face and as applied here." 22 N.W.3d 265, 274 (Iowa 2025). The *Amble* court stated:

> No longer may local antiscavenging ordinances support a finding that garbage placed outside defendants' property for collection is not yet abandoned. No longer may defendants claim that an officer conducting a trash pull has committed a trespass. And no longer may defendants claim a reasonable expectation of privacy in discarded trash. Section 808.16(3) trumps any inconsistent local ordinance as a matter of state property law. Section 808.16(3) establishes that such garbage (including any papers or effects tossed out with it) has been abandoned as a matter of law. Defendants cannot claim a constitutional violation when police search abandoned property.

22 N.W.3d at 273 (internal citation omitted).

We are unable to "overrule precedent from our supreme court." *Willock v. State*, No. 24-0014, 2025 WL 1704327, at *1 (Iowa Ct. App. June 18, 2025). As a result, when applying our supreme court's ruling that Iowa Code section 808.16(3) is constitutional on its face, Lowman's claim fails. *See id.*

Accordingly, we affirm the district court's ruling on Lowman's motion to suppress the evidence found in his garbage without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**